Roland Tellis (SBN 186269)
rtellis@baronbudd.com
Mark Pifko (SBN 228412)
mpifko@baronbudd.com
Natasha Mehta (SBN 272241)
nmehta@baronbudd.com
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone:   (818) 839-2333
Facsimile:    (818) 986-9698

Attorneys for Plaintiff LORENA TRUJILLO
individually, and on behalf of other
members of the public similarly situated



## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA TRUJILLO, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVON PRODUCTS, INC., a corporation organized and existing under the laws of the State of New York,<br><br>Defendant. | Case Number: **CV12- 09084**CBM ( JCx)<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) Violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*);<br><br>(2) Violation of Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*);<br><br>(3) Violation of Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*) - Based on Violations California's Sherman Food, Drug, and Cosmetic Law;<br><br>(4) Violation of False Advertising Law (Cal. Bus. & Prof. Code §§ 17500 *et seq.*);<br><br>(5) Breach of Express Warranty;<br><br>(6) Negligent Misrepresentation;<br><br>(7) Unjust Enrichment; and<br><br>(8) New York Deceptive Trade Practice Act (N.Y.G.B. § 349)<br><br>**Jury Trial Demanded** |

Plaintiff LORENA TRUJILLO ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, alleges as follows:

## NATURE OF THE ACTION

1.      This action is brought on behalf of Plaintiff and a class of consumers who purchased Avon's ANEW Clinical Advanced Wrinkle Corrector, ANEW Reversalist Night Renewal Cream, ANEW Reversalist Renewal Serum, and ANEW Clinical Thermafirm Face Lifting Cream (the "Avon Anti-Aging Products"). Plaintiff's claims concern the deceptive and misleading practices conducted by Defendant Avon Products, Inc. ("Defendant" or "Avon") in connection with marketing of the Avon Anti-Aging Products, in violation of California and New York state law, and the common law.

2.      Plaintiff brings this action on behalf of herself and other similarly situated consumers nationwide and in the State of California to prevent Avon from continuing to mislead consumers, and to obtain redress for those who have purchased Defendant's Avon Anti-Aging Products.

3.      As more fully alleged herein, Defendant's schemes or artifices to defraud Plaintiff and other members of the proposed Classes has consisted of systemic and continuing practices of disseminating false and misleading information via television commercials, Internet websites and postings, blast emails, radio media, blogs, video news releases, advertisements, and the packaging of the Avon Anti-Aging Products, all of which is intended to induce unsuspecting consumers, including Plaintiff and other members of the proposed Classes, to purchase millions of dollars of the Avon Anti-Aging Products, which are manufactured, distributed marketed, advertised or sold by Defendant.

4.      Avon used aggressive marketing to mislead consumers into believing that the Avon Anti-Aging Products were bottled at the fountain of youth. Indeed, Avon preys upon consumers who fear the effects of aging and believe there are products that can make their skin and features youthful again, and halt or turn back the inevitable hands of time.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the class of plaintiffs are citizens of states different from Defendant.  Further, greater than two-thirds of members of the Class reside in states other than the states in which Defendant is a citizen.  In addition, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over the state law claims because all of the claims are derived from a common nucleus of operative facts and are such that plaintiffs ordinarily would expect to try them in one judicial proceeding.

6.      Venue lies within this judicial district under 28 U.S.C. § 1391(b)(1) and (c)(2) because Defendant's contacts are sufficient to subject it to personal jurisdiction in this District, and therefore, Defendant resides in this District for purposes of venue.

7.      Additionally, venue lies within this judicial district under 28 U.S.C. § 1391(b)(2) because certain acts giving rise to the claims at issue in this Complaint occurred, among other places, in this District.

## PARTIES

8.      Plaintiff Lorena Trujillo is an individual and a citizen of California.

9.      Defendant Avon Products, Inc., a citizen of New York, is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 777 Third Avenue, New York, New York  10017.

10.     Defendant Avon Products, Inc. is authorized to do and, in fact, is doing business in the State of California, because, among other things, its products are offered for sale via the Internet, accessible to consumers in California.

11.     Whenever, in this Complaint, reference is made to any act, deed, or conduct of Defendant, the allegation means that Defendant engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees or representatives who was actively engaged in the management, direction, control or transaction of the ordinary business and affairs of Defendant.

2

### FACTUAL BACKGROUND

12.     Avon proclaims itself to be the world's leading direct seller of cosmetic products.  Since 1886, Avon and its predecessor have been engaged, under the internationally renowned name and mark AVON, in the sale of cosmetics, fragrances, toiletries, and related beauty and wellness products and, for many years, have, among other things, been engaged in distributorship and direct sales services, door-to-door retail merchandising, telephone shop at home services, mail order catalog sales, and interactive internet sales, all in the fields of beauty care, salon and spa services, personal care products, toiletries, cosmetics, housewares, clothing, jewelry, gift items, collectibles, toys, pre-recorded videos, audio tapes, and compact discs throughout the United States and the rest of the world.

13.     Defendant's Avon Anti-Aging Products are exclusively available through limited authorized channels, namely, Avon's Independent Sales Representatives, who use catalogs, brochures, and other promotional material, and Avon's website, www.avon.com. to offer for sale and sell Avon Anti-Aging Products.  The Avon Anti-Aging Products are not sold in beauty parlors, salons, drug stores, department stores or other retail outlets, or via the web, other than exclusively through Avon's website.

14.     The Avon Anti-Aging Products line is anchored by its ANEW-branded products.  Defendant's ANEW products are sub-branded into several categories, including "ANEW Reversalist," "ANEW Ultimate," and "ANEW Clinical," among others.  Avon has earned handsome profits by misleading the public with claims for these products such as:

> "How does Reversalist work?  **Activinol Technology** helps reactivate skin's repair process to recreate fresh skin and help dramatically reduce the look of wrinkles and discolorations."

> "Ultimate's **Pro-Sirtuin TX Technology** is formulated to Stimulate Sirtuin Youth Proteins and help increase the production of healthier youth cells [and] Activate Remodeling Proteins to help restore the youthful architecture of skin."

> "ANEW Clinical features breakthrough targeted treatments that offer at-home answers to the costly, time consuming and often painful procedures

found in a dermatologist's office.  These cutting edge products deliver quick, age transforming results at home and return skin to a more youthful state without a doctor's appointment."

15.   Such incredible statements are made across the Avon Anti-Aging Products line.  Defendant asserts that its claims of superiority over lesser-priced wrinkle creams are based on, for example, breakthroughs in science and purported breakthrough scientific discoveries of unique formulas that penetrate deeply into skin and turn back the hands of time, by, among other things, "boosting collagen production," "recreat[ing] fresh skin," and "fortify[ing] damaged tissue."

16.   Avon claims that it has proven these "unprecedented discover[ies]" with such things as "in-vitro tests on 3D reconstructed skin," "exhaustive research, testing & review" and "clinical" studies.  Avon knew or should have known that its representations about skin creams and serums being able to boost collagen production, as one example, were false, and Avon purposely misrepresented and failed to disclose such falsities to consumers.

### Avon's Representations Concerning
### ANEW CLINICAL Advanced Wrinkle Corrector

17.   The webpage for ANEW CLINICAL Advanced Wrinkle Corrector expressly promises as follows:

> The at-home answer to wrinkle-filling injections. Start rebuilding collagen in just 48 hours°. Results not comparable to professional procedures.
>
> Skin's 4 structural components weaken and decrease, causing new lines to form and wrinkles to deepen.
>
> **CLINICAL Advanced Wrinkle Corrector**
> is designed to help reduce the look of wrinkles.
>
> **4D WRINKLE-REVERSE TECHNOLOGY IS DESIGNED TO:**
>
> **Rebuild collagen** to help plump out lines and wrinkles.
>
> **Stimulate elastin** to help improve elasticity and resilience.

4

**Regenerate hydroproteins** to help visibly minimize creasing.

**Formulated to boost shock-absorbing proteins** to help strengthen skin's support layers.

Improve fine & deep wrinkles up to 50%*. Immediately plumps out wrinkles and fine lines.** Within 48 hours begins boosting collagen production.° 1.7 fl. oz.

18.     The packaging for ANEW CLINICAL Advanced Wrinkle Corrector appears as follows:



19.     Avon's messages concerning ANEW CLINICAL Advanced Wrinkle Corrector are false and misleading, and reasonably likely to, and do in fact, deceive the consuming public.

### Avon's Representations Concerning<br>ANEW REVERSALIST Night Renewal Cream

20.     The webpage for ANEW REVERSALIST Night Renewal Cream expressly promises as follows:

"Before I used this night cream, people called me 'ma'am.' Now they call me 'miss.'" - Jo-Ann, Development

Reactivate skin's repair process to help reverse the look of wrinkles with Activinol Technology, working better together. 1.7 fl. oz.

Over 80% of people saw their wrinkles dramatically reversed.*
In **3 days**, 73% of people said their skin felt and looked
reborn.** In **4 weeks**, dramatically reduces the look of wrinkles
and discolorations.

*Among those who expressed an opinion in a consumer-
perception study. Results observed over time. **Based on a
consumer-perception study.

Remember the younger you? Welcome back...Introducing
ANEW REVERSALIST. Reactivate skin's repair process to
help reverse the look of wrinkles.

**A key to skin repair - Activin**: wrinkles are a result of micro-
injuries to the skin, so AVON studied how skin heals. As part of
the repair process, the body produces Activin.

**5 groundbreaking years in development**: exhaustive research,
testing & review has resulted in an unprecedented discovery by
AVON scientists: how to activate this key repair molecule.

**Reactivate, recreate & reverse**: Designed to boost Activin,
ANEW's **Activinol** Technology helps reactivate skin's repair
process to recreate fresh skin & help dramatically reverse visible
wrinkles.

21.     The packaging for ANEW REVERSALIST Night Renewal Cream appears as follows:

Normal Size:                                    Trial Size:




22.     Avon's messages concerning ANEW REVERSALIST Night Renewal Cream are false and misleading, and reasonably likely to, and do in fact, deceive the consuming public.

**Avon's Representations Concerning**
**ANEW REVERSALIST Renewal Serum**

23.     The webpage for ANEW REVERSALIST Renewal Serum expressly promises as follows:

> Up to a **2-WEEK SUPPLY**! Reactivate skin's repair process to help reverse the look of wrinkles with Activinol Technology, working better together. .5 fl. oz.
>
> Over 80% of people saw their wrinkles dramatically reversed.* In **3 days**, 73% of people said their skin felt and looked reborn.** In **4 weeks**, dramatically reduces the look of wrinkles and discolorations.
>
> *Among those who expressed an opinion in a consumer-perception study. Results observed over time. **Based on a consumer-perception study.

7

Remember the younger you? Welcome back...Introducing ANEW REVERSALIST. Reactivate skin's repair process to help reverse the look of wrinkles.

**A key to skin repair - Activin**: wrinkles are a result of micro-injuries to the skin, so AVON studied how skin heals. As part of the repair process, the body produces Activin.

**5 groundbreaking years in development**: exhaustive research, testing & review has resulted in an unprecedented discovery by AVON scientists: how to activate this key repair molecule.

**Reactivate, recreate & reverse**: Designed to boost Activin, ANEW's **Activinol** Technology helps reactivate skin's repair process to recreate fresh skin & help dramatically reverse visible wrinkles.

24.     The packaging for ANEW REVERSALIST Renewal Serum appears as follows:



25.     Avon's messages concerning ANEW REVERSALIST Renewal Serum are false and misleading, and reasonably likely to, and do in fact, deceive the consuming public.

### Avon's Representations Concerning
### ANEW CLINICAL Thermafirm Face Lifting Cream

26.     The webpage for ANEW CLINICAL Thermafirm Face Lifting Cream expressly promises as follows:

Our effective lifting treatment is formulated to fortify damaged tissue with new collagen. In just 3 days, see tighter, firmer, more

lifted skin.* Simply apply daily to a clean, dry face AM and/or PM under your moisturizer. 1 fl. oz.
As seen on TV.

How Triple Sonic Technology works:
• Ultrasonic stressed yeast and other natural extracts combined are designed to help tighten the connections between skin's layers.

• Also formulated with hydrolyzed plant protein and other natural tightening agents to help form a 3-D matrix on your skin.

Together, these potent ingredients fuse to help provide a visible lifting, tightening and firming effect.

*Based on a consumer-perception study.

RESULTS SHOW:
**After 3 Days****
• Skin looks and feels firmer, tighter and more lifted.

**After 4 Weeks****
• 87% of women felt a more youthful facial definition and shape was restored.
• 77% of women felt their jawline and neck were sculpted.

**With Continued Use*****
• 76% of women showed improvement in sagging.
• Skin tightness improved a remarkable 51%.
• 91% of women showed fewer fine lines.

**Based on women who expressed an opinion in a consumer-perception study. ***Based on a dermatologist-supervised clinical study.

27.     The packaging for ANEW CLINICAL Thermafirm Face Lifting Cream appears as follows:



28.     Avon's messages concerning ANEW CLINICAL Thermafirm Face Lifting Cream are false and misleading, and reasonably likely to, and do in fact, deceive the consuming public.

### Avon Misleads and Induces Consumers using Sham Scientific and Research Claims

29.     Upon information and belief, there is no genuine scientific research and there are no scientifically reliable studies in existence that support Avon's extraordinary claims concerning the Avon Anti-Aging Products.  In fact, on October 5, 2012, the Food & Drug Administration ("FDA") issued a warning letter (reference number 262337) to Avon that said, in part:

> [Y]our products Anew Clinical Advanced Wrinkle Corrector, Anew Reversalist Night Renewal Cream, Anew Reversalist Renewal Serum, Anew Clinical Thermafirm Face Lifting Cream, and Solutions Liquid Bra Toning Gel appear to be intended for uses that cause these products to be drugs under section 201(g)(1)(C) of the Federal Food, Drug, and Cosmetic

10

Act (the Act) [21 U.S.C. § 321(g)(1)(C)]. The claims on your web site indicate that these products are intended to affect the structure or any function of the human body, rendering them drugs under the Act. The marketing of these products with claims evidencing these intended uses violates the Act.

. . .

Your products are not generally recognized among qualified experts as safe and effective for the above referenced uses and, therefore, the products are new drugs as defined in section 201(p) of the Act [21 U.S.C. § 321(p)]. Under section 505(a) of the Act [21 U.S.C. § 355(a)], a new drug may not be legally marketed in the U.S. without prior approval from FDA in the form of an approved New Drug Application (NDA).

30.     Upon information and belief, all Avon Anti-Aging Products are formulated in substantially the same ways and Defendant utilize the same marketing schemes and promises for the entire Avon Anti-Aging Products line, thus Plaintiff's claims of deceptive and misleading advertising/marketing apply to Defendant's entire Avon Anti-Aging Products line.

31.     Indeed, all of Avon's claims as to the superior benefits of its Avon Anti-Aging Products are false, deceptive, and misleading, and such claims have induced and continue to induce consumers to spend substantially more money for the Avon Anti-Aging Products when they do not and cannot provide or produce the touted superior benefits.

32.     Avon's deceptive and misleading conduct has caused consumers to pay a premium price for Avon's products when there are readily available moisturizers and creams at substantially lower prices, specifically because consumers have been led to believe that Defendant's Avon Anti-Aging Products provide a unique benefit and results over those lower priced creams and serums.  Thus, Avon has engorged itself with profits based upon its false and deceptive practices to the detriment of consumers.

33.     Avon spends millions of dollars misleading customers about the efficacy of its products by stating that the Avon Anti-Aging Products are superior because of breakthrough scientific findings and extensive research and clinical studies.  However, as

the FDA pointed out in its October 5, 2012 letter, no reliable experts have found that the Avon Anti-Aging Products are effective for the uses touted by the company. Avon's claims are a sham. In fact, as the FDA has recognized, if the Avon Anti-Aging Products could actually do what they claim, Avon would be required to submit a New Drug Application.

34.    Avon promises specific superior results over lesser priced products that offer similar ingredients and efficacy by cloaking the Avon Anti-Aging Products with the indicia of scientific reliability and making claims of "exhaustive research, testing & review," which has led to "unprecedented discover[ies] by AVON scientists." Such deceptive conduct and practices mean that Avon's advertising and marketing is not just puffery, but is instead deceptive and fraudulent and therefore, is actionable.

35.    A significant feature of the Avon Anti-Aging Products marketing is the promotion of "in-vitro" testing, which gives rise to thoughts of teams of scientists in a laboratory looking for breakthroughs in science. All "in-vitro" testing simply means, however, is that the testing was done in a test tube; not testing the efficacy of the products on people. Avon knows that in-vitro testing does not mean real life use will produce the promised results and benefits.

36.    Yet, Avon promises the Avon Anti-Aging Products penetrate deeply into the skin. One of the sham ways to achieve such a claim is by the in-vitro testing of peptide ingredients. With in-vitro testing, however, peptide molecules, usually weighing over 500 Daltons, are usually too large to actually penetrate skin. Thus, it is usually impossible for those ingredients to reach the cells they are supposedly enhancing through product use. And, where such an ingredient might penetrate the skin, it does not have the same effect as the immersion of skin cells in a test tube filled with the peptide. Avon is fully aware of these facts and fails to disclose such facts to consumers when marketing its Avon Anti-Aging Products.

37.    Avon claims to rely on "dermatologist-supervised clinical stud[ies]," but fails to publish any data that would indicate such "studies" are performed in any way that is

recognized as reliable or competent in the scientific community. Consumers certainly have no way to objectively discern if Avon's purported testing and studies are actually reliable. Upon information and belief, in reality, the tests are done on too few subjects to be reliable, or the tests are done on selective and hand-picked subjects so that Avon can achieve the results they want to market through manipulation.

38. Avon takes advantage of every marketing avenue the modern age has opened to them, as well as relying on tried and true traditional methods, in order to ensure that their false and deceptive marketing message permeates the general consumer consciousness. Avon uses television advertising, internet marketing, and social media, as well as celebrity endorsements, "Avon's Independent Sales Representatives," and glossy print brochures. But, no matter which marketing avenue reaches a consumer, Avon drives home the same false and deceptive claims of superior and unique results through all of the advertising mediums.

39. Not only is the uniform message deceptive, but in many cases the advertising mediums allows Avon to achieve another layer of deception. The use of computer software such as Photoshop and high end digital editing equipment allows Defendant to present images of flawless skin, when the reality is likely far different. The use of Photoshop to alter the perception of consumers has been criticized. In fact, the National Advertising Division of the Council of Better Business Bureaus ("NAD") recently called for a ban on the Photoshopping of cosmetic ads to achieve unrealistic results. NAD is reported to have close ties to the Federal Trade Commission, and is an industry watchdog. NAD recently got Procter & Gamble to agree to bar deceptive Photoshopping in advertisements for its "CoverGirl" Mascara according to Jim Edwards of the trade paper *Business Insider*.

### Avon's Deceptive Practices Result in Unfair Profits

40. As a result of the forgoing, Defendant's claims regarding Avon Anti-Aging Products are deceptive and misleading. Had Plaintiff and other members of the proposed Classes been aware of the truth about Defendant's Avon Anti-Aging Products, they would

not have purchased the Avon Anti-Aging Products, or would not have paid a premium price for the Avon Anti-Aging Products.

41.    Indeed, Defendant was in a superior position to know and did know that its claims and advertisement were deceptive and false and they failed to inform consumers that its Avon Anti-Aging Products cannot perform as advertised and promised.

42.    Instead, Defendant allows its deceptive and misleading marketing to permeate the consumer advertising consciousness and perpetuate Defendant's false claims and promises.

43.    Because of such deceptive practices and conduct, Defendant is able to charge and get a substantial premium for its products over readily available and much lower priced cosmetic creams and serums that likely share substantially similar ingredients and provide similar results.  Thus, Avon reaps profits on products where consumers are induced to pay an unwarranted, substantial premium.

## PLAINTIFF'S CLAIMS AGAINST AVON

44.    Plaintiff is a resident of Torrance, California, in Los Angeles County, California.

45.    Plaintiff first purchased Avon's ANEW Reversalist Night Renewal Cream at least six times in the two years.

46.    In deciding to purchase Avon's ANEW Reversalist Night Renewal Cream, Plaintiff saw and relied on the statements on Avon's website, believing Avon's claims that "wrinkles are a result of micro-injuries to the skin," that Avon's "exhaustive research, testing & review has resulted in an unprecedented discovery by AVON scientists: how to activate this key repair molecule," and that if she used Avon's ANEW Reversalist Night Renewal Cream, it would "boost Activin, . . . reactivate [her] skin's repair process to recreate fresh skin & help dramatically reverse visible wrinkles."  These representations were material to Plaintiff.

47.    Plaintiff was denied the benefit of the bargain when she decided to purchase Avon's ANEW Reversalist Night Renewal Cream over competitor products, because she

14

paid for a product that would "reactivate [her] skin's repair process to recreate fresh skin," but she received a product that did not, and could not, provide the benefits it promised to provide.  Accordingly, Plaintiff suffered injury in fact and lost money as a result of Avon's false and misleading representations.

48.    Had Avon disclosed to Plaintiff and members of the Class that the truth about the Products, they would have seen and been aware of the disclosure.  But for Avon's misrepresentations, Plaintiff and members of the Class would not have purchased and consumed the Avon Anti-Aging Products.  Instead, had they known the truth, Plaintiff and members of the Class would not have purchased the Avon Anti-Aging Products at all.

## CLASS ACTION ALLEGATIONS

49.    Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff is informed and believes and on that basis, alleges that Defendant has sold thousands of units of the Avon Anti-Aging Products, if not more, in California and throughout the United States.  Plaintiff is informed and believes and on that basis, alleges that the representations on the packaging for the Avon Anti-Aging Products has been uniform throughout the class period.

50.    The groups of similarly situated individuals Plaintiff seeks to represent (the "Class") are defined as follows:

> All residents of California who purchased Avon's ANEW Clinical Advanced Wrinkle Corrector, ANEW Reversalist Night Renewal Cream, ANEW Reversalist Renewal Serum, and ANEW Clinical Thermafirm Face Lifting Cream (the "Avon Anti-Aging Products") during the period of October 23, 2008, continuing through the date of final disposition of this action (the "California Statutory Subclass").

> All residents of the United States of America who purchased Avon's ANEW Clinical Advanced Wrinkle Corrector, ANEW Reversalist Night Renewal Cream, ANEW Reversalist Renewal Serum, and ANEW Clinical Thermafirm Face Lifting Cream (the

"Avon Anti-Aging Products") during the period of October 23, 2008, continuing through the date of final disposition of this action (the "Nationwide Subclass").

51.    Plaintiff reserves the right to amend the Class definitions if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

52.    Plaintiff reserves the right to establish sub-classes as appropriate.

53.    This action is brought and properly may be maintained as a class action under the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2) or (b)(3), and satisfies the requirements thereof.  As used herein, the term "Class Members" shall mean and refer to the members of the Class.

54.    <u>Community of Interest</u>:  There is a well-defined community of interest among members of the Class, and the disposition of the claims of these members of the Class in a single action will provide substantial benefits to all parties and to the Court.

55.    <u>Numerosity</u>:  While the exact number of members of the Class is unknown to Plaintiff at this time and can only be determined by appropriate discovery, membership in the Class is ascertainable based upon the records maintained by Defendant.  At this time, Plaintiff is informed and believes that the Class includes thousands of members. Therefore, the Class is sufficiently numerous that joinder of all members of the Class in a single action is impracticable under Federal Rule of Civil Procedure Rule 23(a)(1), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

56.    <u>Ascertainablity</u>:  Names and addresses of members of the Class are available from Defendant's records.  Notice can be provided to the members of the Class through direct mailing, publication, or otherwise using techniques and a form of notice similar to those customarily used in consumer class actions arising under California state law and federal law.

57.    <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the other members of the Class which he seeks to represent under Federal Rule of Civil Procedure 23(a)(3) because Plaintiff and each member of the Class have been subjected to the same deceptive

16

and improper practices and have been damaged in the same manner thereby.

58.  Adequacy:  Plaintiff will fairly and adequately represent and protect the interests of the Class as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff is an adequate representative of the Class, because he has no interests which are adverse to the interests of the members of the Class.  Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained counsel who are competent and experienced in handling class action litigation on behalf of consumers.

59.  Superiority: A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this action under Federal Rule of Civil Procedure 23(b)(3) because:

> (a)  The expense and burden of individual litigation make it economically unfeasible for members of the Class to seek to redress their "negative value" claims other than through the procedure of a class action.

> (b)  If separate actions were brought by individual members of the Class, the resulting duplicity of lawsuits would cause members to seek to redress their "negative value" claims other than through the procedure of a class action; and

> (c)  Absent a class action, Defendant likely would retain the benefits of its wrongdoing, and there would be a failure of justice.

60.  Common questions of law and fact exist as to the members of the Class, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate over any questions which affect individual members of the Class within the meaning of Federal Rule of Civil Procedure 23(b)(3).

61.  The common questions of fact include, but are not limited to, the following:

> (a)  Whether Defendant's practice of misleading consumers who purchase the Avon Anti-Aging Products products violates one or more provisions of the CLRA;

> (b)  Whether Defendant engaged in unlawful, unfair, misleading, or

17

deceptive business acts or practices;

(c)     Whether Defendant engaged in consumer fraud, deceptive trade
practices, or other unlawful acts;

(d)     Whether Plaintiff and members of the Class justifiably relied on the
representations Defendant made in connection with its Avon Anti-
Aging Products;

(e)     Whether Defendant's conduct was willful or reckless;

(f)     Whether Plaintiff and members of the Class are entitled to an award of
reasonable attorneys' fees, pre-judgment interest, and costs of this suit;
and

(g)     Whether Defendant engaged in unlawful and unfair business practices
in violation of California Business & Professions Code sections 17200
*et seq.* and 17500 *et seq.*

62.     In the alternative, this action is certifiable under the provisions of Federal
Rule(s) of Civil Procedure 23(b)(1) and/or 23(b)(2) because:

(a)     The prosecution of separate actions by individual members of the
Class would create a risk of inconsistent or varying adjudications with
respect to individual members of the Class which would establish
incompatible standards of conduct for Defendant.

(b)     The prosecution of separate actions by individual members of the
Class would create a risk of adjudications as to them which would, as a
practical matter, be dispositive of the interests of the other members of
the Class not parties to the adjudications, or substantially impair or
impede their ability to protect their interests; and

(c)     Defendant has acted or refused to act on grounds generally applicable
to the Class, thereby making appropriate final injunctive relief or
corresponding declaratory relief with respect to the Class as a whole
and necessitating that any such relief be extended to members of the

18

1    Class on a mandatory, class-wide basis.

2    63.    Plaintiff is not aware of any difficulty which will be encountered in the

3    management of this litigation which should preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION
*Brought on Behalf of the California Statutory Subclass*
**Violation of the California Consumers Legal Remedies Act – Injunctive Relief Only**
**(Cal. Civil Code §§ 1750 *et seq.*)**

7    64.    Plaintiff incorporates by reference in this cause of action each and every

8    allegation of the preceding paragraphs, with the same force and effect as though fully set

9    forth herein.

10    65.    Plaintiff brings this cause of action on behalf of herself and the other

11    members of the California Statutory Subclass.

12    66.    This cause of action is brought under the California Consumers Legal

13    Remedies Act, California Civil Code sections 1750 *et seq.* ("CLRA").  Plaintiff and

14    members of the California Statutory Subclass are consumers as defined by California

15    Civil Code section 1761(d).  The Avon Anti-Aging Products are goods within the

16    meaning of California Civil Code section 1761(a).

17    67.    Defendant violated and continues to violate the CLRA by engaging in the

18    following practices proscribed by California Civil Code section 1770(a) in transactions

19    with Plaintiff and members of the California Statutory Subclass, which were intended to

20    result in, and did result in, the sale of the Avon Anti-Aging Products:

> (5)    Representing that [the Avon Anti-Aging Products
> have]… characteristics…[and] uses…which they do not
> have….
>
> (7)    Representing that [the Avon Anti-Aging Products] are of
> a particular standard…if they are of another.
>
> (9)    Advertising goods…with intent not to sell them as
> advertised.

27    68.    Defendant violated the CRLA by misrepresenting and advertising the Avon

28    Anti-Aging Products, as discussed above.  However, Defendant knew, or should have

19

known, that these representations were false and misleading.

69.     In order to conceal the fact that its claims of "recreat[ing] fresh skin," "rebuild[ing] collagen," "regenerat[ing] hydroproteins," "boost[ing] shock-absorbing proteins," "boost[ing] collagen production," and "fortify[ing] damaged tissue" are untrue, and to deceptively imply that these false claims actually have scientific support, Defendant labels the Avon Anti-Aging Products with phrases such as "clinical," "focused," and "target[ing] specific concerns," and other representations discussed above.

70.     At this time, Plaintiff seeks only injunctive relief under this cause of action. Under Section 1782 of the CLRA, by letter dated October 22, 2012, Plaintiff notified Defendant in writing of the particular violations of Section 1770 of the CLRA and demanded that Defendant rectify the problems associated with the behavior detailed above, which acts and practices are in violation of California Civil Code section 1770.

71.     If Defendant fails to respond adequately to Plaintiff's above-described demand within 30 days of Plaintiff's notice, under California Civil Code section 1782(b), Plaintiff will amend the Complaint to request damages and other relief permitted by California Civil Code section 1780.

72.     Plaintiff also will file a Declaration of Venue in accordance with Civil Code section 1780(d).

73.     Under Section 1782(d) of the CLRA, Plaintiff seeks an order enjoining the act and practices described above, restitution of property, and any other relief that the court deems proper.

74.     Defendant's conduct is malicious, fraudulent, and wanton, and Defendant intentionally misleads and withholds material information from consumers in order to increase the sale of the Avon Anti-Aging Products.

75.     Defendant's misrepresentations and omissions were material to Plaintiff and members of the California Statutory Subclass.  Plaintiff and members of the California Statutory Subclass would not have purchased and consumed the Avon Anti-Aging Products had it not been for Defendant's misrepresentations and concealment of material

facts. Plaintiff and members of the California Statutory Subclass were damaged as a result of Defendant's material misrepresentations and omissions.

**SECOND CAUSE OF ACTION**
*Brought on Behalf of the California Statutory Subclass*
**Violation of the California Unfair Business Practices Act**
**(California Business & Professions Code §§ 17200 *et seq*.)**

76.    Plaintiff incorporates by reference in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

77.    Plaintiff brings this cause of action on behalf of herself and the other members of the California Statutory Subclass.

78.    California Business and Professions Code section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." For the reasons described above, Defendant has engaged in unlawful, unfair, and/or fraudulent business acts or practices in violation of California Business and Professions Code section 17200.

79.    Defendant's misrepresentations and omissions of material facts, as set forth herein, constitute an unlawful practice because they violate California Civil Code sections 1572, 1573, 1709, 1710, 1711, and 1770, and the common law.

80.    Defendant's misrepresentations and omissions of material facts, as set forth herein, also constitute "unfair" business acts and practices within the meaning of California Business and Professions Code sections 17200 *et seq*., in that Defendant's conduct was injurious to consumers, offended public policy, and was unethical and unscrupulous. Plaintiff also asserts a violation of public policy by withholding material facts from consumers. Defendant's violation of California's consumer protection and unfair competition laws in California resulted in harm to consumers.

81.    There were reasonable alternatives available to Defendant to further Defendant's legitimate business interests, other than the conduct described herein.

82.    California Business and Professions Code section 17200 also prohibits any

21

"fraudulent business act or practice."

83.    Defendant's misrepresentations and concealment of material facts, as set forth above, were false, misleading, and/or likely to deceive the public within the meaning of California Business and Professions Code section 17200.

84.    Defendant's misrepresentations and concealment were made with knowledge of their effect, and were done to induce Plaintiff and members of the California Statutory Subclass to purchase the Avon Anti-Aging Products.  Plaintiff and members of the California Statutory Subclass saw and justifiably relied on Defendant's misrepresentations when purchasing the Avon Anti-Aging Products.

85.    Defendant's conduct caused and continues to cause injury to Plaintiff and members of the California Statutory Subclass.  Defendant's misrepresentations and omissions were material to Plaintiff and members of the California Statutory Subclass. Plaintiff and members of the California Statutory Subclass would not have purchased and used the Avon Anti-Aging Products had it not been for Defendant's misrepresentations and concealment of material facts.  Plaintiff and members of the California Statutory Subclass have suffered injury in fact and have lost money as a result of Defendant's fraudulent conduct.

86.    Defendant's misrepresentations and omissions alleged herein are objectively material to the reasonable consumer, and they were material to Plaintiff.  Reliance upon the misrepresentations and omissions discussed herein may therefore be presumed as a matter of law.  The materiality of such representations and omissions also establishes causation between Defendant's conduct and Plaintiff's and the members of the California Statutory Subclass' injuries.

87.    Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and members of the California Statutory Subclass to judgment and equitable relief against Defendants, as set forth in the Prayer for Relief.

88.    Additionally, under Business and Professions Code section 17203, Plaintiff and members of the California Statutory Subclass seek an order requiring Defendant to

immediately cease such acts of unlawful, unfair, and fraudulent business practices, and requiring Defendant to correct its actions.

### THIRD CAUSE OF ACTION
*Brought on Behalf of the California Statutory Subclass*
**Violation of the California False Advertising Law**
**(California Business & Professions Code §§ 17500 *et seq.*)**
**Based on Violations of California's Sherman Food, Drug, and Cosmetic Act**
**(Cal. Health & Safety Code §§ 109875 *et seq.*)**

89.   Plaintiff incorporates by reference in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

90.   Plaintiff brings this cause of action on behalf of herself and the other members of the California Statutory Subclass.

91.   Defendant's misrepresentations and omissions of material facts, as set forth herein, constitute an unlawful practice because they violate California Health & Safety Code sections 109875 *et seq.*

92.   Identical federal and California laws regulate cosmetics and drugs.  The requirements of the federal Food Drug & Cosmetic Act ("FDCA") were adopted by the California legislature in the Sherman Food Drug & Cosmetic Law, California Health & Safety Code sections 109875 *et seq.* (the "Sherman Law").

93.   Identical to the FDCA, under the Sherman Law, products are "drugs" if they are "intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals" or are "intended to affect the structure or any function of the body of man or other animals."  Cal. Health & Safety Code § 109925(b) and (c); *see also* 21 U.S.C. § 321(g).

94.   In connection with the sale and marketing of the Avon Anti-Aging Products, Avon represents, among other things, that the Avon Anti-Aging Products will "recreate fresh skin," "rebuild collagen," "[s]timulate elastin," "regenerate hydroproteins," "boost shock-absorbing proteins," "boost collagen production," "boost Activin," and "fortify

damaged tissue." The Avon Anti-Aging Products are new drugs under the FDCA and the Sherman Law, because the Avon Anti-Aging Products are not generally recognized among qualified experts as safe and effective for the above referenced uses. Cal. Health & Safety Code § 109980(a); *see also* 21 U.S.C. § 321(p).

95.     Under the Sherman Law and the FDCA, new drugs may not be legally marketed in the United States without prior approval from the FDA. *See* Cal. Health & Safety Code § 111550; 21 U.S.C. § 355(a). By marketing and selling the Avon Anti-Aging Products as described herein, Avon violates the Sherman Law.

**FOURTH CAUSE OF ACTION**
***Brought on Behalf of the California Statutory Subclass***
**Violation of the California False Advertising Law**
**(California Business & Professions Code §§ 17500 *et seq.*)**

96.     Plaintiff incorporates by reference in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

97.     Plaintiff brings this cause of action on behalf of herself and the members of the California Statutory Subclass.

98.     California Business and Professions Code section 17500 prohibits "unfair, deceptive, untrue or misleading advertising."

99.     Defendant violated California Business and Professions Code section 17500 by, *inter alia*, (a) misleadingly advertising that the Avon Anti-Aging Products would "recreate fresh skin," "rebuild collagen," "regenerate hydroproteins," "boost shock-absorbing proteins," "boost collagen production," and "fortify damaged tissue"; and (b) concealing material information about the true nature of the Avon Anti-Aging Products, in that the Avon Anti-Aging Products did not, and could not, provide the benefits Avon promised to provide.

100.    Defendant's deceptive practices were specifically designed to induce Plaintiff and members of the California Statutory Subclass to purchase the Avon Anti-Aging Products over those of its competitors. Defendant's deceptive practices were carried out

24

CLASS ACTION COMPLAINT

on the labels for the Avon Anti-Aging Products in order to induce Plaintiff and members of the California Statutory Subclass to purchase the Avon Anti-Aging Products.

101.   Plaintiff and members of the California Statutory Subclass would not have purchased and consumed the Avon Anti-Aging Products had it not been for Defendant's misrepresentations and concealment of material facts.  Plaintiff and members of the California Statutory Subclass were denied the benefit of the bargain when they decided to purchase the Avon Anti-Aging Products over competitor products, which are less expensive or do not unlawfully claim to rebuild muscle.  Had Plaintiff and members of the California Statutory Subclass been aware of Defendant's false and misleading advertising tactics, they would not have purchased the Avon Anti-Aging Products.

102.   The content of Avon's representations concerning the Avon Anti-Aging Products, as alleged herein, were of a nature likely to deceive reasonable consumers.

103.   Defendant knew, or in the exercise of reasonable care, should have known, that the representations were untrue or misleading and likely to deceive reasonable consumers.

104.   Defendant's misrepresentations and omissions alleged herein are objectively material to the reasonable consumer, and reliance upon such misrepresentations and omissions may therefore be presumed as a matter of law.  The materiality of such representations and omissions also establishes causation between Defendant's conduct and Plaintiff's and the California Statutory Subclass members' injuries.

105.   Unless restrained by this Court, Defendant will continue to engage in misleading advertising, as alleged above, in violation of California Business and Professions Code section 17500.

106.   As a result of the foregoing, Plaintiff and members of the California Statutory Class have been injured in fact and lost money or property, and they are entitled to restitution and injunctive relief.

### FIFTH CAUSE OF ACTION
#### *Brought on Behalf of the Nationwide Subclass*
### Breach of Express Warranty

107.   Plaintiff incorporates by reference in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

108.   Plaintiff brings this cause of action on behalf of herself and the members of the Nationwide Subclass.

109.   Plaintiff, and each member of the Nationwide Subclass, formed a contract with Defendant at the time that Plaintiff and Nationwide Subclass members purchased the Avon Anti-Aging Products.  The terms of that contract include the promises and affirmations of fact that the Avon Anti-Aging Products would help rebuild muscle and strength, made by Defendant on the packaging for the Avon Anti-Aging Products, as described above.  The packaging for the Avon Anti-Aging Products constitutes an express warranty, became part of the basis of the bargain, and is a part of a standardized contract between Plaintiff and Nationwide Subclass members on the one hand, and Defendant on the other.

110.   All conditions precedent to Defendant's liability under this contract have been performed by Plaintiff and the Nationwide Subclass.

111.   Despite express warranties that the Avon Anti-Aging Products alone would help rebuild muscle and strength, the Avon Anti-Aging Products do not provide such a benefit.

112.   Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the Nationwide Subclass by not providing Avon Anti-Aging Products which rebuild muscle, as described above.

113.   As a result of Defendant's breach of express warranty, Plaintiff and members of the Nationwide Subclass were harmed in the amount of the purchase price they paid for the Avon Anti-Aging Products.

## SIXTH CAUSE OF ACTION
### *Brought on Behalf of the Nationwide Subclass*
### Negligent Misrepresentation

114.   Plaintiff incorporates by reference in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

115.   Defendant, directly or through its agents and employees, made false representations, concealments, and nondisclosures to Plaintiff and members of the Nationwide Subclass.

116.   In making the representations of fact to Plaintiff and members of the Nationwide Subclass described herein, Defendant has failed to fulfill its duties to disclose the material facts set forth above.  The direct and proximate cause of said failure to disclose was the negligence and carelessness of Defendant.

117.   In making the representations and omissions, and in doing the acts alleged above, Defendant acted without any reasonable grounds for believing the representations were true, and intended by said representations to induce the reliance of Plaintiff and members of the Nationwide Subclass.

118.   Plaintiff and members of the Nationwide Subclass relied upon these false representations, concealments and nondisclosures by Defendant when purchasing the Avon Anti-Aging Products at issue herein, which reliance was justified.

119.   As a result of Defendant's wrongful conduct, Plaintiff and members of the Nationwide Subclass have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for Avon Anti-Aging Products, and any interest that would have been accrued on those monies, all in an amount to be determined according to proof at time of trial.

## SEVENTH CAUSE OF ACTION
### *Brought on Behalf of the Nationwide Subclass*
### Unjust Enrichment

120.   Plaintiff incorporates by reference in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

121.   By its wrongful acts and omissions for the Avon Anti-Aging Products, as discussed above, with false and materially misleading claims, Defendant was unjustly enriched at the expense of Plaintiff and members of the Nationwide Subclass, who did not receive the goods to which they were entitled -- as discussed in detail above -- for the payments made to Defendant, and thus, Plaintiff and members of the Nationwide Subclass were unjustly deprived.

122.   It would be inequitable and unconscionable for Defendant to retain the profit, benefit and other compensation it obtained from its deceptive, misleading, and unlawful conduct alleged herein.

123.   Plaintiff and members of the Nationwide Subclass seek restitution from Defendant, and seek an order of this Court disgorging all profits, benefits, and other compensation obtained by Defendant from its wrongful conduct.

## EIGHTH CAUSE OF ACTION
### *Brought on Behalf of the Nationwide Subclass*
### Violation of New York Deceptive Trade Practice Act
### (N.Y.G.B.L. § 349)

124.   Plaintiff incorporates by reference in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

125.   Plaintiff brings this cause of action on behalf of herself and the other members of the Nationwide Subclass.

126.   Avon committed deceptive trade practices in connection with the misconduct alleged herein, including through its act of fraud and misrepresentation.  Such acts include

Avon's fraudulent misrepresentations about the Avon Anti-Aging Products.

127. Avon's conduct, as described herein, including its fraudulent misrepresentations concerning the Avon Anti-Aging Products, constitutes a deceptive trade practice in violation of N.Y.G.B.L. § 349.

128. Avon's deceptive acts described herein were directed at consumers such as Plaintiff.

129. Avon's deceptive acts described herein were misleading in a material way.

130. As a proximate result of Avon's deceptive acts, Plaintiff and the public, including the Class, have been damaged.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of herself and all others similarly situated, requests the Court to enter judgment against Defendant, as follows:

1. Certifying the Class, including the California Statutory Subclass and the Nationwide Subclass, as requested herein, certifying Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as counsel for the Class;

2. Ordering that Defendant is financially responsible for notifying all members of the Class of the alleged misrepresentations and omissions discussed herein;

3. Awarding Plaintiff and the members of the Class compensatory damages in an amount according to proof at trial;

4. Awarding restitution and disgorgement of Defendant's revenues and/or profits to Plaintiff and members of the Class;

5. Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by Defendant by means of any act or practice declared by this Court to be wrongful;

6. Ordering Defendant to engage in corrective advertising;

7. Awarding interest on the monies wrongfully obtained from the date of

1    collection through the date of entry to judgment in this action;

2         8.       Awarding attorneys' fees, expenses, and recoverable costs reasonably

3    incurred in connection with the commencement and prosecution of this action; and

4         9.       For such other and further relief as the Court deems just and proper.

5

6    Dated:  October 22, 2012              BARON & BUDD, P.C.
                                           Roland Tellis
7                                          Mark Pifko
                                           Natasha Mehta
8

9                                    By:  _____
10                                        Mark Pifko

11                                        Attorneys for Plaintiff
                                          LORENA TRUJILLO, individually, and
12                                        on behalf of other members of the
                                          public similarly situated
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiff requests trial by jury on all issues so triable.

Respectfully submitted,

Dated:  October 22, 2012              BARON & BUDD, P.C.
                                      Roland Tellis
                                      Mark Pifko
                                      Natasha Mehta

                              By: _____
                                      Mark Pifko

                                      Attorneys for Plaintiff
                                      LORENA TRUJILLO, individually, and
                                      on behalf of other members of the
                                      public similarly situated

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LORENA TRUJILLO, individually, and on behalf of other members of the public similarly situated

**DEFENDANTS**
AVON PRODUCTS, INC., a corporation organized and existing under the laws of the State of New York

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Roland Tellis (SNB 186269); Mark Pifko (SNB 228412)
Natasha Mehta (SBN 272241) - BARON & BUDD, P.C.
15910 Ventura Blvd., #1600, Encino, CA 91436; (818)839-2333

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No        ☑ MONEY DEMANDED IN COMPLAINT: $ 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(a) & 1332(b)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS | TORTS | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-09084

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STA      DISTRICT COURT, CENTRAL DISTRIC      CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved .

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date October 22, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV12- 9084 CBM (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.